IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

BILL RANA
ERIC ARMES
JASON EVANS
HASANI JAMES
CODY BONANNO
PHILLIP BONANNO
DOMINIC QUARTURE
MARK STOCKHAUSEN
PATRICK RIZZO

Criminal No. 20 - 377

[UNDER SEAL]

FILED

DEC 01 2020

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady,

United States Attorney for the Western District of Pennsylvania, and Rebecca L. Silinski, Assistant

United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I.    THE INDICTMENT

A federal grand jury returned a three-count Indictment against the above-named

defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/ SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| One | Conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance | 21 U.S.C. § 846 | BILL RANA ERIC ARMES CODY BONANNO PHILLIP BONANNO DOMINIC QUARTURE |

|  |  |  |  |
|---|---|---|---|
|  | From in and around January 2020, to in and around November 2020 |  |  |
| Two | Conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance | 21 U.S.C. § 846 | BILL RANA<br>JASON EVANS<br>HASANI JAMES<br>PHILLIP BONANNO<br>MARK STOCKHAUSEN |
|  | From in and around January 2020, to in and around November 2020 |  |  |
| Three | Possession of a Firearm by a Convicted Felon<br>On or about October 21, 2020 | 18 U.S.C. § 922(g)(1) | PATRICK RIZZO |

## II.   ELEMENTS OF THE OFFENSES

### A.   As to Count One:

In order for the crime of Conspiracy to Distribute and Possess with Intent to Distribute 500 grams or more of a mixture and substance containing a detectable amount of Methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, to be established, the government must prove the following elements beyond a reasonable doubt.

1. That two or more persons agreed to distribute and/or possess with intent to distribute a controlled substance.

2. That the defendant was a party to or member of that agreement.

3. That the defendant joined the agreement or conspiracy knowing of its objectives to distribute and/or possess with intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve those objectives;

2

that is, that the defendant and at least one  other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

    4.    That methamphetamine is a Schedule II controlled substance.

    5.    That the amount of methamphetamine attributable to the defendant as a result of his/her own conduct and the conduct of conspirators reasonably foreseeable to him/her was 500 grams or more.

**B.    As to Count Two:**

In order for the crime of Conspiracy to Distribute and Possess with Intent to Distribute 500 grams or more of a mixture and substance containing a detectable amount of Cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, to be established, the government must prove the following elements beyond a reasonable doubt.

    1.    That two or more persons agreed to distribute and/or possess with intent to distribute a controlled substance.

    2.    That the defendant was a party to or member of that agreement.

    3.    That the defendant joined the agreement or conspiracy knowing of its objectives to distribute and/or possess with intent to distribute a controlled substance and intending to join together with at least one  other alleged conspirator to achieve those objectives; that is, that the defendant and at least one  other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

    4.    That Cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II.

3

5.     That the amount of cocaine attributable to the defendant as a result of his/her own conduct and the conduct of conspirators reasonably foreseeable to him/her was 500 grams or more.

**C.     As to Count Three:**

In order for the crime of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That the defendant knowingly possessed the firearm described in Count Three of the Indictment;

2.     At the time of the charged act, the defendant had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

3.     At the time of the charged act, the defendant knew that he had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year; and

4.     The defendant's possession was in or affecting interstate or foreign commerce.

Third Circuit Model Criminal Jury Instruction 6.18.922G (modified).

## III.     <u>PENALTIES</u>

**A.     As to Count One: Conspiracy to Distribute and Possess with Intent to Distribute 500 grams or more of Methamphetamine (21 U.S.C. § 846):**

1.     A term of imprisonment of not less than ten (10) years to a maximum of life.

2.     A fine not to exceed $10,000,000.

3.     A term of supervised release of at least five (5) years.

4

**If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:**

    1.    A term of imprisonment of not less than fifteen (15) years to a maximum of life.

    2.    A fine not to exceed $20,000,000.

    3.    A term of supervised release of at least ten (10) years.

**If the defendant has two (2) or more prior convictions for a serious drug felony or a serious violent felony that is final:**

    1.    A term of imprisonment of at least twenty-five (25) years to a maximum of life.

    2.    A fine not to exceed $20,000,000.

**B.**    **As to Count Two: Conspiracy to Distribute and Possess with Intent to Distribute 500 grams or more of Cocaine (21 U.S.C. § 846):**

    1.    A term of imprisonment of not less than ten (5) years to a maximum of forty (40) years.

    2.    A fine not to exceed $5,000,000.

    3.    A term of supervised release of at least four (4) years.

**If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:**

    1.    A term of imprisonment of not less than ten (10) years to a maximum of life.

    2.    A fine not to exceed $8,000,000.

    3.    A term of supervised release of at least eight (8) years.

  **C.**  **As to Count Three: Possession of a Firearm a Convicted Felon (18 U.S.C. § 922(g)(1)):**

   1. A term of imprisonment of not more than ten (10) years.  However, if it is determined that the defendant has three (3) previous convictions for a violent felony or a serious drug offense, or both, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

   2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3));

   3. A term of supervised release of not more than three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies) (18 U.S.C. § 3583); and

   4. Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

  A mandatory special assessment of $100.00 must be imposed on each count of conviction, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

  Restitution is not applicable.

## VI. FORFEITURE

  As set forth in the Indictment, forfeiture may be applicable in this case.

     Respectfully submitted,

     SCOTT W. BRADY
     United States Attorney

     */s/ Rebecca L. Silinski*
     REBECCA L. SILINSKI
     Assistant United States Attorney
     PA ID No. 320774